UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED CLERKS OFFICE
2005 MAR 14 P 3:24
U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| CHARLES RASO, TRUSTEE OF THE MASSACHUSETTS BRICKAYERS AND MASONS HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS,<br>Plaintiff<br><br>v.<br><br>UNI-CON FLOORS, INC. AND JOHN PACHECO,<br>Defendants | C.A. No. 05-10289MLW |

### ANSWER OF DEFENDANT, UNI-CON FLOORS, INC. AND AFFIRMATIVE DEFENSES

Now comes the Defendant, Uni-Con Floors, Inc. and answers the Plaintiff's Complaint as follows:

#### First Affirmative Defense

COUNT I
(As Against Defendant Uni-Con Floors, Inc.)

1. Paragraph 1. of the Complaint is an introduction and as such does not an answer.

2. The Defendant admits to the jurisdiction and venue of this Court.

3. The Defendant neither admits or denies the allegations contained in Paragraph 3 of the Complaint and call upon the Plaintiff to prove the same.

4. The Defendant admits that it has a place of business in Fall River, Massachusetts. The Defendant neither admits or denies the remainder of the allegations contained in paragraph 4 and call upon the Plaintiff to prove the same.

5. The Defendant neither admits or denies the allegations contained in Paragraph 5 of the Complaint and call upon the Plaintiff to prove the same.

6. The Defendant neither admits or denies the allegations contained in Paragraph 6 of the Complaint and call upon the Plaintiff to prove the same.

7. The Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. The Defendant admits the allegation contained in paragraph 8 of the Complaint and in further answering states that the document speaks for itself.

9. The Defendant denies the allegations contained in Paragraph 9 of the Complaint. In further answering the Defendant states that it did make payments toward the delinquent amount owed.

10. The Defendant states that the document speaks for itself and therefore no answer is required.

WHEREFORE, the Defendant requests that this Honorable Court dismiss the complaint and award it its costs and expenses for defending this matter.

COUNT II
(As Against Defendant John Pacheco)

11. The Defendant incorporates the answers contained in Paragraphs 1 through 10 of this answer as if stated in full herein.

12. The Defendant denies the allegation contained in Paragraph 12 of the Complaint.

13. The Defendant admits that on or about September 12, 2004, Defendant Pacheco signed a Guaranty but deny the Plaintiff's characterization of the same and state that the document speaks for itself.

14. The Defendant denies the allegation contained in Paragraph 14 of the Complaint.

WHEREFORE, the Defendant, Uni-Con Floors, Inc. requests that this Honorable Court dismiss the Complaint as it relates to the Defendant Pacheco and award it its costs and expenses for defending this matter and any other relief that this court deems meet and just.

## ADDITIONAL AFFIMATIVE DEFENSES

### Second Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

Plaintiff is estopped by its own conduct from asserting claims against the Defendants.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by laches, waiver or estoppel.

### Fifth Affirmative Defense

Plaintiff's prior breach of contract prevents it from enforcement and therefore, the Complaint should be dismissed.

### Sixth Affirmative Defense

The Plaintiff's Complaint is barred by the equitable doctrine of unclean hands.

### Seventh Affirmative Defense

The Complaint should be dismissed because the Plaintiff has failed to mitigate its alleged damages, if any.

### Eighth Affirmative Defense

The Plaintiff's prior breach of any agreement with the Defendant prevents it from enforcement of said agreement; therefore, the claim should be dismissed.

### Ninth Affirmative Defense

A failure of consideration under any agreement with the Defendant renders it unenforceable by the Plaintiff; therefore the claim should be dismissed.

### Tenth Affirmative Defense

If the Plaintiff suffered damages, as alleged, such damages were caused by someone for whose conduct the Defendant was not and is not legally responsible.

### Eleventh Affirmative Defense

The Plaintiff's claims should be dismissed because any alleged damages sustained by them were not caused by any actions or omission of the Defendant.

WHEREFORE, the Defendant requests that this Honorable Court dismiss the complaint and award it its costs and expenses for defending this matter.

Respectfully submitted,
The Defendant, Uni-Con Floors, Inc.
By its Attorney,

John H. Zajac, Esquire
CARMICHAEL & ZAJAC, P.C.
170 High Street
Taunton, MA 02780
(508) 821-2552
BBO # 560195

Dated:     March 9, 2005

## CERTIFICATE OF SERVICE

I, John E. Zajac, Esquire, hereby certify that on this 9th day of March, 2005, I have forward a true and accurate copy of the foregoing Defendant, Uni-Con Floors, Inc.'s Answer to Plaintiff's Complaint and Affirmative Defenses via first class mail, postage prepaid, to the attorney of record for the Plaintiff, Catherine M. Campbell, Esquire, Feinberg, Campbell & Zack, P.C., 177 Milk Street, Boston, MA 02109.

_/s/ John E. Zajac_
John E. Zajac, Esquire